**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ASHRAF MASHIYEV,
Petitioner,

v.

CHRISTOPHER LAROSE, *et al.*,
Respondents.

Case No. 26-cv-04180-BAS-BLM

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Ashraf Mashiyev filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming his immigration detention has been arbitrarily and unreasonably prolonged and that he was improperly denied a bond hearing. (ECF No. 1.) Petitioner asks either for immediate release or for a bond hearing. (*Id.*) The Government concedes that, given the Court's prior rulings, Petitioner's detention has been arbitrarily and unreasonably prolonged and that he is entitled to a bond hearing where the Government would bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger

to the community or a risk of flight. (ECF No. 5.) For the reasons stated below, the Court **GRANTS** the Petition.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Azerbaijan, entered the United States seeking asylum on June 7, 2025. (Pet. ¶¶ 16, 18, ECF No. 1.) He has remained in custody since then. (*Id.*) He lost his bid for asylum before the Immigration Court, and he has filed an appeal with the Board of Immigration Appeals, but no briefing schedule has been set. (*Id.* ¶ 20.)

## III. ANALYSIS

The Court agrees that immigration detention without a bond hearing can be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's due process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). Although Petitioner cites *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), the Court recognizes that Petitioner is differently situated than the petitioners in *Zadvydas*. He is not subject to a final order of removal and is not facing indefinite detention because no country is willing to accept him for deportation or removal.

Nonetheless, Petitioner has been in custody for over a year without his immigration case resolving. The Government agrees that, given the Court's prior rulings, thirteen months is an arbitrarily and unreasonably prolonged period of time for Petitioner to be detained. Hence, the Court **GRANTS** the Petition to the extent it requests that a bond hearing be held before an Immigration Judge.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

> The Court **ORDERS** a bond hearing before an Immigration Judge for Ashraf Mashiyev (A#249-142-052) within 14 days of the date of this Order. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond. If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: August 3, 2026**

Cynthia Bashant

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**